BEFORE THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENTON D. TERRELL,<br>  1704 East 87th Place<br>  Chicago, Illinois  60617,<br><br>        Plaintiff,<br><br>    v.<br><br>ALBERTO R. GONZALES,<br>  In His Official Capacity as<br>  Attorney General of the United States,<br>  950 Pennsylvania Ave., N. W.<br>  Washington, D. C.  20530-0001<br><br>        Defendant. | CIVIL ACTION<br><br><br>(JURY TRIAL DEMANDED) |

## COMPLAINT

**(UNLAWFUL DISCRIMINATION IN FEDERAL EMPLOYMENT BASED UPON RACE AND UNLAWFUL RETALIATION FOR PROTECTED EEO ACTIVITIES)**

COMES NOW the Plaintiff in this matter, Mr. Kenton D. Terrell, appearing by and through counsel, to respectfully file this Complaint against the aforenamed Defendant, and in furtherance hereof states as follows:

### I.  JURISDICTION

1.      Jurisdiction is vested in this Court pursuant to, inter alia, Section 717 of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.A. Section 2000(e), et seq.; the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, et seq.; the Civil Rights Attorney's Award Act, as amended, codified at 42 U.S.C.A. Section 1988, et seq.; and Title 29, Code of Federal Regulations, Part 1614, et seq., in that Plaintiff Kenton D. Terrell was discriminated against unlawfully in

1

employment by the United States Government, and specifically by his employer, the Bureau of Alcohol, Tobacco, Firearms and Explosives, on the basis of his race (African-American), and was further unlawfully retaliated against in such employment for engaging in protected EEO activities, as identified herein.

## II.  VENUE

2.      Venue is proper before this Court because the Defendant maintains its Headquarters within the geographical boundaries of the District of Columbia; because Defendant's agency and the employer of Plaintiff (the Bureau of Alcohol, Tobacco, Firearms and Explosives) maintains its Headquarters administrative offices and records which are subject to the matters complained of within the geographical boundaries of the District of Columbia; because significant material adverse determinations and actions regarding Plaintiff Terrell as stated and complained of herein were made within the boundaries of the District of Columbia; and because at least one of the assignments sought by and denied to Plaintiff Terrell which are the subject of this litigation was located within the District of Columbia; and pursuant to 28 U.S.C. Section 1391(e).

## III.  PARTIES

3.      Plaintiff Kenton Terrell is an African-American male and, for all times relevant herein, has been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), under the United States Department of Justice (hereinafter "DOJ"), with its Headquarters located at 9th Street and Pennsylvania Avenue, N. W., Washington, D. C.  20535.  Plaintiff currently resides at 1704 East 87th Street, Chicago, Illinois  60617.  As an African-American, Plaintiff is a member of a protected class pursuant to the Civil Rights Act of 1964 (Title 42, U. S. Code Ann.

2

Section 2000e, et seq.) and the Civil Rights Act of 1991 (Title 42, U. S. Code Ann. Section 1981, et seq.).

4.  Defendant, the Hon. Alberto R. Gonzales, is the Attorney General of the United States.  Mr. Gonzales is the senior Executive Branch federal official responsible for the actions of the United States Department of Justice and its subsidiary agency, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.  Three specific Equal Employment Opportunity (EEO) Agency complaints against the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") are at issue in this Federal District Court Complaint.

6.  Agency Complaint No. 03-3062 was timely filed with the Agency on December 18, 2002, and had as its subject, *inter alia*, Plaintiff Terrell's allegations of unlawful discrimination based upon race (African-American) in the denial of his application for selection for assignment and promotion to various positions pursuant to ATF Vacancy Announcement No. B02-270, involving alternative selections to the positions of Assistant Special Agent in Charge (ASAC) for the St. Paul Field Division of ATF; for the ASAC of the Tampa Field Division of ATF; for the ASAC of the Detroit Field Division of ATF; for the ASAC of the Nashville Field Division of ATF; and for the position of Deputy Chief, Special Operations Division of ATF.

7.  Agency Complaint No. 03-3062 also included Plaintiff Terrell's allegations of unlawful discrimination based upon race in the denial of his application for selection for position and promotion to an assignment pursuant to ATF Vacancy

3

Announcement No. B02-355, involving the Supervisory Criminal Investigator position, ASAC of the Chicago Field Division of ATF.

8.      On or about February 11, 2003, then-pending Agency Complaint No. 03-3062 was timely amended to incorporate Plaintiff Terrell's allegations of unlawful discrimination based upon race, and unlawful retaliation for prior protected EEO activities, in the denial of his application for selection for position and promotion to assignments pursuant to ATF Vacancy Announcement No. B03-003 SW, regarding the selection to ASAC of the Atlanta Field Division of ATF, and ATF Vacancy Announcement No. B02-481 GH, regarding the selection to ASAC of the Miami Field Division of ATF.

9.      On or about July 14, 2003, still-pending Agency Complaint No. 03-3062 was further timely amended to incorporate Plaintiff Terrell's allegations of unlawful discrimination based upon race, and unlawful retaliation for prior protected EEO activities, in the denial of his applications for selection for position and promotion to assignments pursuant to ATF Vacancy Announcement No. G03-45 TW/MB, regarding the selection to the position of Assistant to the Special Agent in Charge, Office of Inspection of ATF; and to ATF Vacancy Announcement No. B03-096 SW/MPB, regarding the selection to the position of ASAC, Atlanta Field Division of ATF.

10.     These various matters were incorporated into United States Equal Employment Opportunity Commission (EEOC) Docket No. 240-2003-05133X, subsequently resulting in a Decision and Order Entering Judgment issued on August 15, 2005, denying all requested relief to Plaintiff Terrell.

11.     Pursuant to Department of Justice Case No. 187-9-35, issued on October 6, 2005, the U. S. Department of Justice adopted the EEOC Administrative Judge's Decision as the Agency Decision and Final Order in this proceeding, again denying all requested relief to Plaintiff Terrell.

12.     This United States District Court Complaint is timely filed within ninety (90) days of the receipt of the Agency Decision and Final Order by Plaintiff Terrell.

### V.  BACKGROUND

13.     Prior to the EEO-related actions complained of herein, Plaintiff Terrell engaged in prior protected EEO activities as a Special Agent of the Bureau of Alcohol, Tobacco and Firearms.  These prior protected EEO activities included Plaintiff Terrell's active participation as an African-American Special Agent and claimant in the Class Action litigation styled Larry D. Stewart, et al., v. Robert E. Rubin, Secretary of the Department of the Treasury, Civil Action No. 90-2841 (U.S.D.C. D.C. 1996), which litigation extended through at least 1999, in the course of post-settlement Class plaintiff claims submission and resolution.

14.     Plaintiff Terrell has engaged in a successful career as an ATF Special Agent since joining the Agency, and in June 2002 was assigned as a Resident Agent in Charge (RAC), Grade GS-1811-14, in the Fort Wayne, Indiana, Field Office of ATF.

15.     On June 18, 2002, ATF opened Vacancy Announcement No. B02-270AB/AP for the position of ASAC in St. Paul, Minnesota.  Plaintiff Terrell submitted his timely and complete application for such position on June 28, 2002.

16.     On or about July 30, 2002, Plaintiff Terrell was informed that he had made the Agency cut-off score for this position selection, and was therefore deemed eligible for

5

the position vacancy, but he had not been designated as one of the top five scoring applicants included on the "Best Qualified List" (BQL).

17.     Because multiple selections were contemplated from Vacancy Announcement No. B02-270, pursuant to Agency Orders and Directives (specifically, ATF O 2311.1), the BQL should have been expanded to include more than the top five scoring applicants. The expanded BQL, if properly constituted, would have included Plaintiff Terrell.

18.     At the time of the conduct of the Merit Promotion Board (MPB) Panel designated to review applicants for the position of ASAC, St. Paul Field Division, Plaintiff Terrell was improperly <u>not</u> designated as being on the BQL list; a fact known to all panel members.

19.     On information and belief, all MPB Panel members were aware of the race (African-American) of Plaintiff Terrell at the time of his application and promotion consideration.

20.     Plaintiff Terrell subsequently was not selected for one of three ASAC St. Paul Field Division position vacancies selected by the MPB Panel.

21.     The selection of three ASACs for a single Field Division was not in accordance with ATF Agency prior practice, and only two candidates should properly have been selected for placement into the St. Paul Field Division at the ASAC position.

22.     Of the three candidates selected for the ASAC position in St. Paul by the MPB, one (Guy Thomas) is African-American males and two (Steven Bogdalek and Stephen Martin) are white males.

23. The selection of Stephen Martin to the position of ASAC, St. Paul Field Division was never actually implemented. On or about August 21, 2002, Martin was arbitrarily and non-competitively "selected" by ATF to fill the ASAC Chicago Field Division position, a position which had been advertised for vacancy selection. The result of this decision was to leave the two St. Paul ASAC positions filled by applicants Bogdalek and Thomas.

24. The position into which Stephen Martin was placed (ASAC, Chicago Field Division) had been advertised as a vacancy pursuant to ATF Vacancy Announcement No. B02-355, a position which ostensibly was opened for applicants on August 30, 2002, and closed on September 16, 2002. Plaintiff Terrell had expressed an interest in and had prepared his application for this position when he was informed, on or about September 12, 2002, that the position vacancy had been withdrawn -- and that Mr. Martin had been selected for the Chicago ASAC Field Division position, to become effective December 1, 2002.

25. Mr. Martin did not ever actually serve in the St. Paul Field Division ASAC position for which he was selected over Plaintiff Terrell, although the position vacancy in St. Paul was utilized as a vehicle to secure Mr. Martin's promotion to Grade GS-15.

26. Subsequently, Mr. Martin was promoted from a Grade GS-14 position in the ATF Special Operations Division to the GS-15 position of ASAC in the St. Paul Field Division effective December 1, 2002, even though it was never the intention of ATF to actually have Mr. Martin serve in the St. Paul position. Mr. Martin was then transferred

7

to the ASAC Chicago Division position, in Grade GS-15, on or about December 15, 2002.

27. The placement of Martin in the St. Paul Field Division as an ASAC, his promotion to Grade GS-15 in that position, and his accompanying transfer to the ASAC Chicago Field Division position, were accomplished as a ruse and a pretext by ATF to control the selection and promotion of particular individuals to particular positions, outside of the fail and non-biased promotion procedures set forth in established Agency policies and regulations.

28. The composite effect of such manipulative and biased actions in this instance was to deny to Plaintiff Terrell any fair and unbiased consideration for the promotional opportunities cited in St. Paul, Minnesota, and Chicago, Illinois.

29. Plaintiff Terrell also was unfairly denied selection based upon his race (African-American) pursuant to ATF Vacancy Announcement B02-270 for the positions of ASAC of the Tampa Field Division of ATF; ASAC of the Detroit Field Division of ATF; ASAC of the Nashville Field Division of ATF; and Deputy Chief, Special Operations Division of ATF.  In these selections, a lesser qualified white applicant was chosen over Plaintiff Terrell.

30. Plaintiff Terrell applied for the position of ASAC, Miami Field Division pursuant to Vacancy Announcement B02-481GH/RW, a position vacancy announcement opened on November 15, 2002.  Plaintiff Terrell was timely in submitting his application for this position, and was determined to be eligible by the Agency for this assignment.

31. A rating panel was convened to consider the various applicants for the ASAC Miami Field Division position, consisting of ATF senior personnel Terrence

Austin, Carson Carroll and Peter O'Connor, all white males. It is Agency policy to ensure the presence of at least one minority member on Agency selection panels, a policy which was violated in this instance.

32. As a result of the panel deliberations, a lesser qualified white male applicant, Christopher Pellettiere, was selected for the Miami ASAC position over Plaintiff Terrell.

33. On March 4, 2003, the Agency opened Vacancy Announcement No. B03-096 SW/MPB, for the position of ASAC in the Atlanta Field Division. Plaintiff Terrell timely applied for and was deemed eligible for this position.

34. Plaintiff Terrell made the Best Qualified List for the ASAC Atlanta Field Division position, and was interviewed by a Merit Promotion Board panel consisting of Edgar Domenech, Carson Carroll, Robert Browning, Michael Martin and James Rosebrock.

35. At least one panel member, Carson Carroll, was aware that Plaintiff Terrell had a pending EEO Complaint against ATF based upon claims of unlawful discrimination based upon race; additionally, Mr. Carroll was aware that it was a panel upon which he had performed selection duties and who had been challenged by Plaintiff Terrell as having discriminated against Plaintiff Terrell on the basis of race. Mr. Carroll declined to remove himself from the panel because of a conflict of interest.

36. The Special Agent in Charge of the Atlanta Field Division of ATF, Ms. Vanessa McLemore, had designated Plaintiff Terrell as her selection for the position of ASAC in the Atlanta Field Division. Such designations are frequently given great weight by selection panels, and are rarely disregarded.

37. Subsequently, a lesser qualified white male applicant, Gary Orchowski, was selected and approved for the ASAC position in the Atlanta Field Division pursuant to Vacancy Announcement No. B03-096.

38. On March 20, 2003, the Agency opened Vacancy Announcement No. G03-45 TW/MB, for the position of Assistant to the Special Agent in Charge of the Office of Inspection, Inspection Division of ATF Headquarters, Washington, D. C. Plaintiff Terrell timely applied for and was deemed eligible for this position.

39. Plaintiff Terrell made the Best Qualified List for the Assistant to the SAC position in the Office of Inspection, and was interviewed by a Merit Promotion Board panel consisting of Lewis Raden, Carson Carroll, Robert Browning, Michael Martin and James Rosebrock.

40. Again, panel member Carson Carroll was aware that Plaintiff Terrell had a pending EEO Complaint against ATF based upon claims of unlawful discrimination based upon race; and that such claims were directed at him as a panel member who had engaged in unlawful discrimination based upon race. Once more, Mr. Carroll declined to remove himself from the panel because of a conflict of interest.

41. On May 15, 2003, the MPB selected and the Agency approved a lesser qualified white male applicant, Michael Gleysteen, for the position of Assistant to the SAC in the ATF Office of Inspection.

42. The aforestated non-selection actions and the pattern of discriminatory and retaliatory actions by the Agency against Plaintiff Terrell in the above-stated instances have caused Plaintiff to lose additional salary commensurate with promotion to Grade

GS-15 ( back pay is variable as to the dates of promotion selection in each aforestated instance); to lose front pay for future earnings based upon the failure of the Agency to promote him to Grade GS-15; and to lose financial retirement benefits predicated upon a higher rate of pay while employed with ATF.

43. Further, the aforestated non-selection actions and the pattern of discriminatory and retaliatory actions by the Agency against Plaintiff Terrell in the above-stated instances have caused Plaintiff to suffer and continue to suffer from loss of prestige and ongoing psychological humiliation attributable to his non-selection for promotion; and to incur various costs of litigation in ongoing efforts to obtain a just and fair recognition of his services and entitlement to selection for promotion.

### COUNT I – UNLAWFUL DISCRIMINATION BASED UPON RACE

44. Paragraphs 1-43 are herein incorporated by reference.

45. As a result of the aforestated unlawful discrimination based upon his race (African-American), Plaintiff Terrell was subjected to discriminatory treatment through the failure of the ATF to select him for promotion to the grades and positions designated herein:

      a. Promotion to ASAC, Grade GS-1811-15, St. Paul Field Division;

      b. Promotion to ASAC, Grade GS-1811-15, Tampa Field Division;

      c. Promotion to ASAC, Grade GS-1811-15, Detroit Field Division;

      d. Promotion to ASAC, Grade GS-1811-15, Nashville Field Division;

      e. Promotion to Grade GS-1811-15, Deputy Chief, Special Operations Division;

      f. Promotion to ASAC, Grade GS-1811-15, Chicago Field Division;

11

   g. Promotion to ASAC, Grade GS-1811-15, Miami Field Division;

   h. Promotion to ASAC, Grade GS-1811-15, Atlanta Field Division; and,

   i. Promotion to Assistant to the Special Agent in Charge of the Office of Inspection, Grade GS-1811-15, Inspection Division of ATF Headquarters, Washington, D. C.

  46. The unlawful discriminatory actions of Defendant had a direct negative economic and financial impact and effect through the denial of additional pay, benefits and allowances which would have resulted from his selection and promotion to the position of Grade GS-1811-15.  Such impact includes back pay, with interest, and front pay for the periods at issue.  Such impact also includes the long-term affects of a reduction in Plaintiff's achieved grade and pay for his "high three" years of earnings prior to Plaintiff Terrell's retirement.

  47. Additionally, because of the unlawful discrimination based upon race cited herein, Plaintiff Terrell has suffered and will continue to suffer from lost personal esteem, personal stress, and mental pain and suffering.

## COUNT II – UNLAWFUL RETALIATION

  48. Paragraphs 1-47 are herein incorporated by reference.

  49. As a result of the aforestated unlawful discrimination based upon his prior protected EEO activities, which were known specifically to senior ATF supervisory, management and administrative personnel having a role in the adverse employment actions stated herein, Plaintiff Terrell was subjected to unlawful retaliatory treatment through the failure of the ATF to select Plaintiff for promotion, as follows:

  a. Promotion to ASAC, Grade GS-1811-15, St. Paul Field Division;

  b. Promotion to ASAC, Grade GS-1811-15, Tampa Field Division;

  c. Promotion to ASAC, Grade GS-1811-15, Detroit Field Division;

  d. Promotion to ASAC, Grade GS-1811-15, Nashville Field Division;

  e. Promotion to Grade GS-1811-15, Deputy Chief, Special Operations Division;

  f. Promotion to ASAC, Grade GS-1811-15, Chicago Field Division;

  g. Promotion to ASAC, Grade GS-1811-15, Miami Field Division;

  h. Promotion to ASAC, Grade GS-1811-15, Atlanta Field Division;

and,

  i. Promotion to Assistant to the Special Agent in Charge of the Office of Inspection, Grade GS-1811-15, Inspection Division of ATF Headquarters, Washington, D. C.

50. The unlawful retaliatory actions of Defendant had a direct negative economic and financial impact and effect through the denial of additional pay, benefits and allowances which would have resulted from Plaintiff Terrell's selection and promotion to the positions designated and to Grade GS-1811-15. Such impact includes back pay, with interest, and front pay for the periods at issue. Such negative impact also includes the long-term affects of a reduction in Plaintiff's achieved grade and pay for his "high three" years of earnings prior to Plaintiff Golson's retirement.

51. Additionally, because of the unlawful retaliation for prior protected EEO activities cited herein, Plaintiff Terrell has suffered and will continue to suffer from lost personal esteem, personal stress, and mental pain and suffering.

13

**PRAYER FOR RELIEF**

52. Paragraphs 1-51 are herein incorporated by reference.

WHEREFORE, Plaintiff Simens respectfully requests that this Court enter judgment against Defendant and grant Plaintiff the following relief:

(1) Payment of all accrued back pay and allowances, with accrued interest at the legal rate of recovery, from the date of the failure of Defendant to promote Plaintiff to Grade GS-1811-15 in the positions designated herein, through the date of the Judgment in this proceeding.

(2) Payment of all appropriate front pay and allowances based upon Plaintiff's recalculated promotion date to Grade GS-1811-15, including calculated Grade and Step increases therefrom, in the amount calculated pursuant to Plaintiff's financial records and applicable projected pay scales and to be determined.

(3) Adjustment of Plaintiff's personnel and finance records to reflect the applicable revised date for Plaintiff's promotion to Grade GS-1811-15.

(4) Payment to Plaintiff of $300,000 in compensatory damages.

(5) Reimbursement and/or payment of reasonable attorneys' fees and the costs and expenses of this litigation, based upon law and applicable Laffey standards pertinent to the District of Columbia.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

      Respectfully submitted,


      _____/S/_____
      Michael W. Beasley, Esq.
      D. C. Bar No. 248930
      411 East Broad Street
      Falls Church, Virginia  22046
      Phone:  (703) 241-2909; Fax:  (703) 241-5885
      E-Mail:  "beasleys@erols.com"

      On behalf of Plaintiff Kenton D. Terrell

January 3, 2006

15