UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENTON D. TERRELL,                             )<br>                                                               )<br>         Plaintiff,                                     )<br>                                                               )<br>     v.                                                       )       Civil Action No. 06-001 (RWR)<br>                                                               )<br>ALBERTO GONZALES, Attorney General )<br>  Of the United States,                            )<br>                                                               )<br>         Defendant.                                  )<br>_____) | |

## AMENDED ANSWER

Defendant Alberto Gonzales, Attorney General of the United States and head of the United States Department of Justice, by and through his undersigned counsel, hereby answers Plaintiff's Complaint as follows:

### First Defense

Plaintiff has failed to mitigate his damages, if any.

### Second Defense

Defendant took all of the actions alleged in the Complaint for legitimate, non-discriminatory and non-retaliatory reasons, and would have taken each and every one of those actions regardless of Plaintiff's race or prior EEO activity.

### Third Defense

The Complaint includes certain claims which are barred by Plaintiff's failure to exhaust the required administrative remedies properly or fully.

**Fourth Defense**

In response to the numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

### I.  JURISDICTION

1. Paragraph 1 contains conclusions of law to which no response is required. Defendant denies that ATF is Plaintiff's current employer and further denies that Plaintiff was discriminated against unlawfully because of his race (African-American) and that Plaintiff was retaliated against unlawfully on account of his EEO activities, as alleged in the Complaint or otherwise. To the extent paragraph 1 contains any other allegations of fact, denied.

### II.  VENUE

2. Defendant denies that venue is proper in this action under 28 U.S.C. § 1391(e), admits that the headquarters of the Bureau of Alcohol, Tobacco, Firearms, and Explosives is located in the District of Columbia, admits that some of the selection decisions about which Plaintiff complains were made within the District of Columbia, and that the duty station for one of the positions about which Plaintiff complains was in the District of Columbia. To the extent paragraph 2 contains any other allegations of fact, denied.

### III.  PARTIES

3. Defendant admits that Plaintiff was employed as a Special Agent by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), a component of the United States Department of Justice and that ATF's records indicate that Plaintiff describes himself as African-American. Defendant denies that ATF's Headquarters are located at 9th Street and Pennsylvania Avenues, N.W., but admits that ATF's Headquarters are located in the District of Columbia.

Defendant lacks sufficient knowledge and information to form a belief as to where Plaintiff resides. The third sentence of paragraph 3 contains conclusions of law to which no response is required. To the extent the third sentence contains an allegation of fact, denied.

4. Admits.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Defendant admits that Plaintiff has filed three administrative EEO complaints concerning the selections described in the Complaint, but avers that the allegations in the Complaint control what is at issue in this case.

6. Defendant admits that Plaintiff timely filed Agency Complaint No. 03-3062 which is the best evidence of its contents. Defendant further admits that Agency Complaint No. 03-3062 concerned Plaintiff's allegation of unlawful race discrimination in his non-selection for promotion and assignment into Assistant Special Agent in Charge ("ASAC") positions in the St. Paul, Tampa, Detroit Field Divisions of ATF, as well as the position of Deputy Chief of the Special Operations Division of ATF.

7. Defendant avers that Agency Complaint No. 03-3062 is the best evidence of its contents, and admits that it included Plaintiff's allegation of unlawful race discrimination based on his non-selection in connection with ATF Vacancy Announcement No. B02-355 for a Supervisory Criminal Investigator position, ASAC of the Chicago Field Division.

8. Defendant avers that any amended Agency Complaint 03-3062 is the best evidence of its contents, and admits that Plaintiff amended it on or around February 11, 2003 to include allegations of unlawful race discrimination (but not retaliation) based on his non-selection for a position associated with Vacancy Announcement No. B03-003 SW, involving an

ASAC position in the Atlanta Field Division of ATF, and Vacancy Announcement B02-481 GH, involving an ASAC position in the Miami Field Division of ATF.

9.  Defendant avers that any amended Agency Complaint 03-3062 is the best evidence of its contents, and admits that Plaintiff further amended it on or around July 14, 2003 to include allegations of unlawful race discrimination and retaliation based on his non-selection for a position associated with Vacancy Announcement No. G03-45 TW/MB, involving an ASAC position in the Office of Inspection of ATF, and Vacancy Announcement B03-096 SW/MPB, involving an ASAC position in the Atlanta Field Division of ATF.

10. Defendant lacks sufficient knowledge and information to respond to Plaintiff's vague allegation of "these various matters," and avers that the Equal Employment Opportunity Commission's August 15, 2005 Decision and Order in Docket No. 240-2003-05133X is the best evidence of its contents.

11. Defendant admits that on or around October 6, 2005, it adopted the EEOC Administrative Judge's Decision as the Agency Decision and Final Order which is the best evidence of its contents. Defendant further admits that the Department of Justice has administratively denied all requested relief to Plaintiff based on the complaints of unlawful discrimination and retaliation alleged in the Complaint.

12. Defendant lacks sufficient knowledge and information to form a belief as to when Plaintiff received the Agency Decision and Final Order, but admits that this action was filed within ninety (90) days of the issuance of the Agency Decision and Final Order.

## V. BACKGROUND

13. Defendant admits the allegations in the first sentence. With respect to the second sentence, Defendant admits that Plaintiff was a claimant in the class action lawsuit captioned <u>Larry D. Stewart et al. v. Robert E. Rubin, Secretary of the Department of the Treasury</u>, Civil Action No. 90-2841 (D.D.C.), that litigation in the <u>Stewart</u> case continued into 1999, and that Plaintiff submitted a claim for resolution pursuant to the settlement. Defendant denies the remainder of the allegations in paragraph 13.

14. Denies as stated, but avers that ATF assigned Plaintiff to a Resident Agent in Charge position in the Fort Wayne, Indiana Field Office of ATF in 1999.

15. Admits.

16. Defendant admits that Plaintiff was eligible for the position associated with Vacancy Announcement B02-270 AB/AP and that his application was not rated highly enough to place him on the "Best Qualified List." Defendant lacks sufficient knowledge and information to form a belief about when Plaintiff was informed of the results of his application for Vacancy Announcement B02-270 AB/AP, and therefore denies.

17. Denies as stated but admits that two selections were to be made from the BQL for Vacancy Announcement No. B02-270, and denies that the BQL should have been expanded.

18. Denies.

19. Denies.

20. Defendant admits that the Merit Promotion Board did not select Plaintiff for an ASAC position in the St. Paul Division, but denies that there were three vacant positions.

21.     Defendant denies that three individuals were simultaneously selected for the ASAC position in the St. Paul Field Division, and further denies that any selection violated ATF's prior practice or Merit Selection Plan.

22.     Defendant admits that ATF initially selected Stephen Martin as the ASAC in St. Paul and that he is Caucasian, and avers that ATF transferred Stephen Martin to Chicago after he had been assigned to St. Paul for two weeks.  Subsequently, and to fill the vacancy created by the transfer of Stephen Martin, Steven Bogdalek, a Caucasian male, and Guy Thomas, an African-American male, were selected for the ASAC position in St. Paul.

23.     Defendant denies the allegation in the first sentence.  With respect to the second sentence, defendant admits that ATF selected Stephen Martin to fill the ASAC Chicago Field Division position and that it cancelled the vacancy announcement for that position, but denies that its decision was arbitrary.  With respect to the third sentence, defendant admits that transferring Stephen Martin to Chicago left two vacant ASAC positions in St. Paul for which Steven Bogdalek and Guy Thomas were selected.

24.     Defendant admits that the vacancy for the ASAC position for the Chicago Field Division was advertised along with other positions in Vacancy Announcement No. B02-355 which is the best evidence of its contents.  Before the period for accepting applications closed, Vacancy Announcement No. B02-355 was cancelled because Stephen Martin was laterally re-assigned into the position.  Defendant lacks sufficient knowledge and information to respond to the allegations concerning Plaintiff's expression of interest in the position or his alleged preparation of an application for it.  Further, defendant lacks sufficient knowledge and

information to form a belief as to what, if anything, Plaintiff was informed about the vacancy in the Chicago Field Division on or about September 12, 2002.

25.  Defendant admits that the Merit Promotion Board selected Mr. Martin because he was better qualified than Plaintiff, and denies the remainder of paragraph 25. Defendant avers that Mr. Martin was assigned to the St. Paul Field Division for approximately two weeks. Defendant further avers that Mr. Martin did not actually report to the St. Paul Field Division due to his intervening re-assignment to the Chicago Field Division.

26.  Defendant admits that Mr. Martin was promoted from a Grade GS-14 position in the ATF Special Operations Division to a GS-15 position as an ASAC in the St. Paul Field Division effective December 1, 2002, and that Mr. Martin was re-assigned to an ASAC position in the Chicago Division on or about December 15, 2002, but denies the remainder of the allegations in paragraph 26.

27.  Denies.

28.  Denies.

29.  Denies.

30.  Admits.

31.  Admits the allegations in the first sentence. Admits that the Merit Promotion Plan includes a preference for diversity on panels wherever possible, but denies any violation of policy as alleged in paragraph 31.

32.  Admit that Christopher Pellettiere, a Caucasian male, was selected for the ASAC position in the Miami Field Division of ATF, but deny that he was less qualified than Plaintiff

and aver that he was more qualified and that neither Plaintiff's race nor his prior EEO activity were factors in the decision.

33.    Admits.

34.    Admits.

35.    Admits the allegations in the first sentence. With respect to the second sentence, defendant admits that Mr. Carroll served on the panel, denies that there was a conflict of interest, and avers that Mr. Carroll did not perceive any conflict of interest and knew that he could be fair to all applicants.

36.    Admits the allegations in the first sentence. The second sentence contains Plaintiff's characterization to which no response is required. To the extent the second sentence of paragraph 36 contains any allegations of fact, denied.

37.    Admits that Gary Orchowski, a white male, was selected for the ASAC position in the Atlanta Field Division pursuant to Vacancy Announcement B03-096, and avers that he was better qualified than Plaintiff.

38.    Admits, and avers that Vacancy Announcement No. G03-45 TW/MB and Plaintiff's application are the best evidence of their contents.

39.    Admits.

40.    Admits that at the time of Plaintiff's interview in connection with Vacancy Announcement G03-45 TW/MB, panel member Carson Carroll was aware that Plaintiff had a pending EEO complaint based on unlawful race discrimination involving another selection for which Mr. Carroll also served as a panel member. With respect to the second sentence, defendant admits that Mr. Carroll served on the panel, denies that there was a conflict of interest,

and avers that Mr. Carroll did not perceive any conflict of interest and knew that he could be fair to all applicants.

41.     Admits that the MPB selected Michael Gleysteen, a white male, for the position of Assistant to the SAC in the ATF Office of Inspection, denies that Mr. Gleysteen was less qualified than Plaintiff, and avers that the MPB believed that he was better qualified than Plaintiff.

42.     Denied.

43.     Denied.

## COUNT I – UNLAWFUL DISCRIMINATION BASED UPON RACE

44.     Defendant's responses to paragraphs 1-43 are herein incorporated by reference.

45.     Denied.

46.     Denied.

47.     Denied.

## COUNT II – UNLAWFUL RETALIATION

48.     Defendant's responses to paragraphs 1-47 are herein incorporated by reference.

49.     Denied.

50.     Denied.

51.     Denied.

## PRAYER FOR RELIEF

52.     Defendant's responses to paragraphs 1-51 are herein incorporated by reference.

The remainder of the Complaint contains Plaintiff's prayer for relief as to which no response is required. Insofar as a response is required, Defendant denies that Plaintiff is entitled

to the relief requested or to any relief whatsoever. In particular, Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in the Complaint; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a. Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

## DEMAND FOR JURY TRIAL

Defendant denies that Federal Rule 38(b) provides a valid waiver of sovereign immunity for trial by jury for any of the claims contained in the Complaint.

WHEREFORE, having fully answered, Defendant prays that this action be dismissed and that the Court grant such other and further relief as may be appropriate.

Dated: March 30, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar No. 451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161