UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENTON D. TERRELL,** )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>**ALBERTO R. GONZALES,** )<br>  in His Official Capacity as )<br>  Attorney General of the United States. )<br>)<br>    Defendant. )<br>) | Civil Action No. 06-001<br>                    (RWR) |

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

The parties respectfully present their report of issues as required by Local Rule 16.3, Fed. R. Civ. P. 26(f), and this Court's Order of May 8, 2006.

1.  Dispositive Motions/Discovery Timeframe:  The Parties agree and propose that dispositive motions, if appropriate, shall be filed after the close of discovery. Any motions for summary judgment should be filed within forty-five (45) days after the close of discovery; any opposition to summary judgment should be filed within thirty (30) days after filing of the motion; and any reply brief, if deemed necessary, should be filed within fifteen (15) days of the filing of the opposition brief.

2.  Amendment to Pleadings:  At this time, the Parties do not anticipate that it will be necessary to join additional or third parties, or amend their pleadings.

3.  Assignment to Magistrate Judge:  At this time, both Parties oppose referral of this case to a Magistrate Judge, except as set forth in Paragraph 4 below.

4.      Settlement Possibility:  Although the Parties have not discussed settlement as of the date of the filing of this Joint Report, both Parties are open to considering reasonable offers to resolve this matter.  To facilitate any discussions that might take place, the Parties respectfully suggest that the Court refer this case to one of the Magistrate Judges promptly and have the referral extend past the end of discovery.  Plaintiff currently believe that mediation in this case should take place after the close of discovery.  Defendant believes that the attorney's fees and costs associated with discovery decrease the chances of settlement and would prefer to explore settlement possibilities in at least one mediation session before the bulk of discovery is undertaken.

5.      Alternative Dispute Resolution:  The Parties believe that alternative dispute resolution in the form of mediation may be appropriate.

6.      Dispositive Motions/Discovery Timeframe:  As noted above, the Parties believe that any post-discovery dispositive motions, if appropriate, should be filed within forty-five (45) days after the close of discovery; that any opposition to summary judgment shall be filed within thirty (30) days after filing of the motion; and any reply brief, if deemed necessary, shall be filed within fifteen (15) days of the filing of the opposition brief.

7.      Initial Disclosures:  The parties agree to make the initial disclosures called for by Rule 26(a)(1) and propose that they exchange them no later than July 7, 2006.  The parties are specifically allowing some extra time between the initial scheduling conference and this proposed date for initial disclosures because both counsel need more time than usual to review the extensive discovery and hearing file compiled in furtherance of an EEOC proceeding in this matter.  Plaintiff's current counsel in this

litigation, however, has not been given the EEOC case file in the litigation by the prior counsel and, if unable to resolve this problem, may need to seek assistance from the Court in obtaining such file from Plaintiff's former counsel.

8. Discovery: The Parties propose that discovery be completed 180 days from the date of the Initial Scheduling Conference, now set for June 5, 2006. Thus, a prospective end date for discovery is December 4, 2006. The Parties believe that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia. Specifically, the Parties believe that twenty-five (25) interrogatories and seven (7) depositions per party shall be sufficient.

9. Experts: The Parties do not know whether expert witnesses may be necessary at this time. The Parties propose that any experts be designated no later than sixty (60) days after the commencement of discovery, and that any rebuttal experts be designated no later than sixty (60) days thereafter. The Parties propose that all other requirements of Fed. R. Civ. P. 26 regarding experts should apply.

10. Bifurcation of Discovery or Trial: The Parties do not see any need for bifurcation at this time.

11. Proposed Date for the Pretrial Conference: The Parties believe that the Pretrial Conference for this proceeding should be scheduled following the Court's rulings on any post-discovery dispositive motions.

12. Trial Date: The Parties believe that the Court should schedule a trial date at the Pretrial Conference.

13.     <u>Plaintiff's Statement of the Case and Statutory Bases</u>:  The Plaintiff respectfully brings this case pursuant to Title VII of the Civil Act of 1964, as amended, codified at 42 U.S.C.A. Section 2000(e), *et seq.*, and the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, *et seq.*, as a matter involving alleged unlawful discrimination and retaliation for protected activities in Federal employment.

The claims are predicated upon an EEO complaint filed at the Agency level, and subsequently amended on several occasions.  The original case, Agency Complaint No. 03-3062, was filed with respect to the Defendant's refusal to promote Plaintiff to a position as Assistant Special Agent in Charge (ASAC), with accompanying promotion to Grade GS-1811-15, of the (alternatively) St. Paul Field Division, the Tampa Field Division, the Detroit Field Division, the Nashville Field Division, or as Deputy Chief, ATF Special Operations Branch, all pursuant to ATF Vacancy Announcement No. B02-270.  That original EEO complaint also included Plaintiff Terrell's allegations of unlawful discrimination based upon race and unlawful retaliation based upon his denial of selection for the position of ASAC of the Chicago Field Division, pursuant to ATF Vacancy Announcement No. B02-355.

This EEO complaint subsequently was amended to incorporate claims regarding Plaintiff's non-selection for ASAC positions in the Atlanta and Miami Field Divisions of ATF (ATF Vacancy Announcement Nos. B03-003 SW, and B02-481 GH, respectively); and then again was amended to incorporate claims regarding Plaintiff's non-selection for the position of ASAC, ATF Office of Inspection (Vacancy Announcement No. G03-45 TW/MB) and for another ASAC position in the Atlanta Field Division (Vacancy Announcement No. B03-096 SW/MPB).

It is Plaintiff Terrell's position that he was the best qualified applicant to each and all of the aforestated positions, and that his non-selection was based upon unlawful discrimination and retaliation for protected EEO activities.

These various claims subsequently were incorporated into United States EEOC Docket No. 240-2003-05133X, and this Federal lawsuit is filed following the adverse decision rendered on August 15, 2005, in that EEOC docket.

14.     <u>Defendants' Statement of the Case and Statutory Bases</u>:  Plaintiff, a former GS-14 Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), challenges several selection decisions by ATF for Assistant Special Agent in Charge and supervisory criminal investigator positions.  ATF utilizes rating panels, interviews of best-qualified candidates and a Merit Promotion Board to make such decisions and promotion to the GS-15 level is generally very competitive due to the limited number of available positions.  With respect to some of the applications Plaintiff complains about, no selection was made.  In others, Plaintiff's application was rated at or near the bottom of the other candidates, and in no case was he the best qualified candidate.  For at least one of the selections, the person selected was of the same race as Plaintiff.  Thus, Defendant denies that Plaintiff's race or prior EEO activity played any role whatsoever in any of the selection decisions and will show that its decisions were reasonable, justified, and not in violation of the cited civil rights and equal employment opportunity statutes.  As a result, there is no basis on which to find that ATF caused Plaintiff any harm whatsoever.

Respectfully submitted,

_____/S/_____
Michael W. Beasley, Esq.
D.C. Bar No. 248930
411 East Broad Street
Falls Church, VA  22046
Phone:  (703) 241-2909
Fax:  (703) 241-5885
E-mail:  beasleys@erols.com

Attorney for Plaintiff
  Kenton D. Terrell



_____
Kenneth L. Wainstein
D.C. Bar No. 451058
United States Attorney



_____
Rudolph Contreras
D.C. Bar No. 434122
Assistant United States Attorney


/s/_____
Jane M. Lyons
D.C. Bar No. 451737
Assistant United States Attorney
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
Phone:  (202) 514-7161
Fax:     (202) 514-8780
Jane.lyons@usdoj.gov

Attorneys for Defendant


May 26, 2006