UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KENTON D. TERRELL,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERTO R. GONZALES,<br>  In His Capacity as Attorney General<br>  of the United States,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-0001 (RWR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO QUASH ATTORNEY'S LIEN
AND MOTION FOR SANCTIONS**

Plaintiff Kenton D. Terrell, by and through counsel, hereby moves this Honorable Court to quash the "Attorney's Lien" filed in this docket by Kathleen M. Kubicki, Esq., former counsel to Kenton D. Terrell, and to grant sanctions against Ms. Kubicki for filing such lien in this case. Defendant's counsel has been consulted regarding these motions, and does not object. The bases for these motions is as set forth herein:

**Points and Authorities**

**Plaintiff's Motion to Quash Attorney's Lien**

1. Ms. Kubicki's Attorney's Lien was filed in this docket on January 23, 2007, for certain attorney's fees and costs alleged to be associated with her representation of Mr. Terrell in a United States Equal Employment Opportunity Commission (EEOC) proceeding which addressed, *inter alia*, some of the issues raised in this District Court lawsuit. Mr. Terrell, with Ms. Kubicki as his counsel, failed to prevail at the EEOC level,

and further consideration of Mr. Terrell's claims was filed with this Court pursuant to law.

2. Ms. Kubicki's alleged Attorney's Liens claims arose from an attorney Retainer Agreement executed with Mr. Terrell in October 2003. A copy of the Retainer Agreement is provided as Exhibit 1 (Attachment 2) to this motion.

3. Pursuant to the Retainer Agreement (Ex. 1, para. 3), Ms. Kubicki initially billed and collected from Mr. Terrell a retainer payment of $6,000.00. Subsequently, Ms. Kubicki failed to render any more bills for services to Mr. Terrell until the total amount of $35,286.89 was newly billed and sent to Mr. Terrell in May and June, 2006, directly violating provisions of the Retainer Agreement. (Ex. 1, para. 4, 5). In the interim, however, Ms. Kubicki (a) had abandoned Mr. Terrell's EEOC proceeding <u>prior to filing a post-hearing brief required by the presiding EEOC judge</u> (violating the Retainer Agreement standards of due care, Ex. 1, para. 2); (b) had made numerous specific misrepresentations to Mr. Terrell regarding the status of his case (*id.*); (c) had failed to inform Mr. Terrell of either the final adverse EEOC decision or the process of appeal (*id.*); and, (d) had refused to return Mr. Terrell's EEOC case file to Mr. Terrell for litigation purposes of this United States District Court proceeding, despite numerous demands by Mr. Terrell and his undersigned counsel, also in specific violation of the initial Retainer Agreement (Ex. 1, para. 8).

4. In approximately October 2006, having discovered the adverse EEOC decision, Mr. Terrell fired Ms. Kubicki and hired the undersigned counsel to bring this United States District Court lawsuit.

2

5. Mr. Terrell then filed a Michigan State Bar Complaint against Ms. Kubicki in February 2006, citing these egregious violations of attorney eithical and case conduct. This matter remains pending.

6. As a direct retaliation for Mr. Terrell's filing of the Michigan Bar Complaint, and in direct violation of terms of the initial Retainer Agreement, Ms. Kubicki then generated new legal bills of $35,286.89 (this was in addition to the initial $6,000 retainer payment made by Mr. Terrell) in April-June 2006.  Mr. Terrell immediately contested the legitimacy of such bills, reporting them also to the Michigan State Bar.  Subsequently, in further violation of the Retainer Agreement, which provided the sole recourse for fee disputes as arbitration before the American Arbitration Association (Ex. 1, para. 11), Ms. Kubicki both reported Mr. Terrell to a credit collection agency, and then filed the Attorney's Lien with this Court.

7. Utilizing the sole recourse provided by the Retainer Agreement, Mr. Terrell initiated a proceeding before the American Arbitration Association (AAA) to contest Ms. Kubicki's bills.  The arbitration proceeding has now been concluded, following a hearing on the merits and opportunities for post-hearing submissions.  A copy of the Award of Arbitrator is provided herewith, as Exhibit 2 (Attachment 3).  In the Award of Arbitrator dated April 11, 2007, and served by fax on the parties to the arbitration on April 24, 2007, the arbitrator ruled that Ms. Kubicki was in breach of her Retainer Agreement with Plaintiff Terrell in several material aspects.  Specifically, the arbitrator ruled, *inter alia*, that Ms. Kubicki was not entitled to fees and expenses billed to Mr. Terrell in the combined amount of $35,286.89 "by reason of her [Ms. Kubicki's] abandonment of

3

Claimant's [Plaintiff Terrell's] EEO Claims …." Ex. 2, at 1.

8.  Pursuant to provisions of the AAA, the arbitration award is final and binding.

Based upon the foregoing facts and circumstances, Ms. Kubicki has absolutely no legal claim to the amounts demanded in her "Attorney's Lien" filed with this Court. Such lien should be quashed by the Court forthwith, and determined null and void.

**Plaintiff's Motion for Sanctions**

9.  The above-cited facts and circumstances are incorporated herein.

10.  Not only was Ms. Kubicki's fully knowledgeable that her resort to highly questionable billing practices was in direct violation of her Retainer Agreement (contract) with Mr. Terrell, but she was further fully aware that her own dilatory tactics in unjustly refusing to return Mr. Terrell's EEOC case file had caused months of delay to this District Court proceeding. As with her reporting the alleged "debt" to a collection agency, Ms. Kubicki's filing of the Attorney's Lien was a transparent effort to coerce payment or recognition of her false claims for payment through this Court's litigation processes.

11.  Moreover, Ms. Kubicki absolutely refused to participate in any manner in the AAA arbitration proceeding required by her own attorney Retainer Agreement. She refused to pay her portion of the AAA fees; refused to participate in the pre-hearing conference; refused to file any hearing exhibits or prehearing brief; refused to appear at the arbitration hearing; and refused to render any post-hearing arguments or briefs. Ex. 2, at 1. It was clear from the outset that she had no defense or ability to justify her bills underlying the Attorney's Lien, and she refused to do so when provided a full opportunity.

4

12. Finally, the Court should be aware that Ms. Kubicki's irresponsible conduct in filing her Attorney's Lien in this case mirrors her irresponsible and unethical actions in a previous case initially filed before this same Court. In the matter of *Tkacik v. John Ashcroft, et al.*, CA No. 1:01-cv-02007 (RWR), Ms. Kubicki made a *pro hac vice* appearance before this Court on behalf of Plaintiff Mary Tkacik, also involving Title VII ATF employment discrimination claims (as is Mr. Terrell's instant case). The case subsequently was transferred to United States District Court for the Southern District of Alabama (Mobile), under Civil Docket No. 1:02-cv-00401 (Judge Charles R. Butler, Jr.). *See* Docket Sheet in case 02-00401 and relevant extracts of Orders of Judge Butler, at Exhibit 3 (Attachment 4). In that docket, Judge Butler became so incensed with Ms. Kubicki's actions as a lead attorney for Plaintiff, including actions of deleterious and egregiously unethical conduct, that he cited her for specific instances of contempt **and disbarred Ms. Kubicki from practice before the bar of the Alabama District Court**, thereby disqualifying her from further appearance on behalf of Plaintiff in the *Tkacik* matter. Ex. 3, at 13-14. Not surprisingly, Ms. Kubicki never informed Mr. Terrell that she had been disbarred from a Federal District Court matter, even though such disbarment occurred during her EEOC representation of Mr. Terrell.

13. Ms. Kubicki's irresponsible actions as identified herein have directly resulted in the following additional costs for attorney's fees to Plaintiff Kenton D. Terrell:

   a. The additional costs of Plaintiff's attorney's fees to Mr. Beasley, attorney for Plaintiff, as a result of Ms. Kubicki's refusal to return Mr. Terrell's EEOC litigation case file in a timely manner for use in this proceeding, as required by the Retainer Agreement (para. 8) and relevant Bar rules (including correspondence, phone

messages, and wasted efforts in moving forward with the District Court settlement and discovery process):  6.0 hours at $300.00 per hour, totaling **$1,800.00**.

  b.  The additional costs of research, preparing, filing and serving the instant Motion to Quash:  4.0 hours at $300.00 per hour, totaling **$1,200.00**.

  c.  The sum total of additional fees incurred by Plaintiff Terrell in the matters generated by Ms. Kubicki's irresponsible and vexatious conduct is, thus, **$3,000.00**, and such amount is sought as Court-imposed Sanctions against Ms. Kubicki, to be paid directly to Plaintiff Kenton D. Terrell.

Based upon the foregoing facts and circumstances, Ms. Kubicki should be sanctioned by the Court and ordered to repay to Mr. Terrell the amount of $3,000.00 in attorney's fees.

## Summary

**For the reasons set forth herein, Plaintiff respectfully moves that the Court quash the Attorney's Lien filed in this docket by Kathleen M. Kubicki, Esq., and award as sanctions the amount of $3,000.00 to Mr. Kenton D. Terrell**.

A proposed Order is provided as Attachment 1 to this Motion.

        Respectfully submitted,

          /s/ *Michael W. Beasley*
        Michael W. Beasley, Esq.
        D. C. Bar No. 248930
        200 Park Avenue, Suite 106
        Falls Church, Virginia 22046
        Phone: (703) 533-5875
        Fax: (703) 533-5876
        E-Mail: beasleys2@verizon.net

        Attorney for Plaintiff Kenton D. Terrell

Attachments: Proposed Order
                Plaintiff's Exhibits 1-3

## CERTIFICATE OF SERVICE

I hereby certify that one copy each of the foregoing "Plaintiff's Motion to Quash Attorney's Lien and Motion for Sanctions," with attached proposed Order and Exhibits Nos. 1-3, was forwarded to Counsel for Defendant through the Court's ECF program, and was sent by first-class mail, postage prepaid, to the below listed Counsel and the identified Interested Party, this 2d day of May, 2007:

Jane M. Lyons, Esq.
Assistant United States Attorney
Office of the United States Attorney
 for the District of Columbia
555 4th Street, N. W., Room E4822
Washington, D. C. 20530

Kathleen M. Kubicki, Esq.
5895 Larkins Street
Detroit, MI 48210

          /s/ *Michael W. Beasley*
        Michael W. Beasley, Esq.
        D. C. Bar No. 248930
        Attorney for Plaintiff Kenton D. Terrell