RETAINER AGREEMENT

This ATTORNEY-CLIENT FEE CONTRACT ("Contract") is entered into by and between KENTON TERRELL (hereinafter referred to as "Client") and Kathleen M. Kubicki, Esquire (hereinafter referred to as "Attorney"), 5895 Larkins Street, Detroit, Michigan 48210.

1. CONDITIONS – This Contract shall not take effect, and Attorney will not have any obligations to provide legal services, until Client returns a signed copy of this Contract and pays the retainer set forth below.

2. SCOPE AND DUTIES – Client hires Attorney to provide legal services in connection with ongoing litigation related to the charges of discrimination filed against the Bureau of Alcohol, Tobacco & Firearms with respect to his non-selection for promotion. Attorney is representing Client with respect to his complaints of discrimination and retaliation. Attorney shall provide those legal services reasonably required to represent Client, and shall make reasonable efforts to keep Client informed of progress and to respond to Client's inquiries. Client shall be truthful with Attorney, cooperate with Attorney, keep Attorney informed of developments, abide by this Contract, pay Attorney's bills on time and keep Attorney informed of Client's address, telephone number and location.

3. RETAINER – Attorney shall be paid a retainer of $6000.00 for services rendered during the processing of the discrimination charges at the EEOC. This retainer shall include Attorney's costs except for travel. The fee can be paid in total at the time of signing this agreement. If preferred payment can be made as follows: $2000.00 upon execution of the retainer agreement. The remaining $4000.00 shall be paid in full or in increments over 2 months following the execution of the retainer agreement. Client hereby authorizes Attorney to apply this retainer to pay Attorney's fees and costs that are incurred. If any amount of the retainer is unused at the conclusion of Attorney's services, it will be refunded to Client. Client understands that the cost of litigation will likely exceed the retainer provided herein, and that regardless of the result, she will be required to pay attorney's fees and costs in accordance with this contract.
    a. Attorney shall keep an account of actual time expended on the matter. Attorney's time, regardless of experience, shall be billed at the rate of $200.00 an hour and calculated in tenths of an hour increments.
    b. Client shall maintain a minimum balance of $1000.00 with Attorney for **costs** incurred during the EEOC appeal. Upon notification from the Attorney that the amount of monies for **costs** has fallen to a zero

balance, the Client shall remit sufficient funds to restore the balance to at least $1000.00.

4. EXPENSES AND COSTS – Client agrees to reimburse Attorney for all costs and expenses incurred by Attorney, including, but not limited to, airplane tickets, process server's fees, publication costs, fees fixed by law or assessed by courts or other agencies, court reporter's fees, telephone charges, messenger and other delivery fees, postage, fax charges at actual cost, parking, investigation expenses, consultant's fees, expert witness fees and other similar items. Client authorizes Attorney to incur all reasonable costs and expenses to hire any investigators, consultants or expert witnesses reasonably necessary in Attorney's judgment, unless Client and Attorney initial one or both of the clauses below.

   Attorney shall obtain Client's consent before incurring any cost in excess of $ _10,000_ .

   Attorney shall obtain Client's consent before retaining outside investigators, consultants or expert witnesses. _KB_

5. STATEMENTS – Attorney shall send Client periodic statements for fees and costs incurred. Unless otherwise agreed, Client shall pay Attorney's statement within 10 days after each statement's date. Client may request a statement at intervals of no less than 30 days. Upon request, Attorney shall provide a statement within 15 days.

6. LIEN – Client hereby grants Attorney a lien on any and all claims or causes of action or real property that are the subject of Attorney's representation under this Contract. Attorney's lien will be for any sums due and owing to Attorney at the conclusion of Attorney's services. The lien will attach to any recovery Client may obtain, whether by arbitration, award, judgment, settlement or otherwise.

7. DISCHARGE AND WITHDRAWAL – Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this contract. Client's refusal to cooperate with Attorney or to follow Attorney's advice on a material matter or any other fact or circumstance that would render Attorney's continuing representation unlawful or unethical.

8. CONCLUSION OF SERVICES – When Attorney's services conclude, all unpaid charges shall become immediately due and payable. After Attorney's services conclude, Attorney will, upon the Client's request, deliver Client's

file to Client along with any of Client's funds or property in Attorney's possession.

9. DISCLAIMER OF GUARANTEE – Nothing in this Contract and nothing in Attorney's statements to Client shall be construed as a promise or guarantee about the outcome of Client's matter. Attorney makes no such promise or guarantees. Attorney's comments about the outcome of Client's matter are expressions of opinion only.

10. EFFECTIVE DATE – This Contract will take effect when Client has performed the conditions stated in Paragraph (1) above, but its effective date will be retroactive to the date Attorney first provided services. In the event this Contract does not take effect and Attorney renders services, Client will be obligated to pay Attorney the reasonable value of any services Attorney has performed.

11. RESOLUTION OF DISPUTES, ARBITRATION – If any claim or dispute arises between Client and Attorney with respect to the professional relationship between Client and Attorney, any billings or statements issued by Attorney under the terms of this Contract, any work performed by the Attorney, or the amount of fees that Attorney is entitled to for services performed under the terms of the Contract, Client and Attorney both agree that said dispute shall be submitted to mandatory binding arbitration under the rules for arbitration established by the American Arbitration Association.

12. INSURANCE – Attorney represents that she does not possess professional liability insurance.

13. ACKNOWLEDGMENT OF RECEIPT – Client has read this contract, received a copy of it and agrees to the terms and conditions stated herein. There are no other agreements or understandings of any nature whatsoever, oral or written, relating to this matter.

14. **RIGHT TO CONSULT OTHER COUNSEL** – This contract is an important legal document affecting your rights. I will answer any questions you have concerning the Agreement. I cannot however, give you legal advice concerning this contract between you and me. You are free to seek the advice of another attorney regarding this agreement.

DATED: 10/15, 2003.

_____
Kenton Ferrell

Attorney accepts said retention on the conditions hereinabove enumerated.

DATED: 10/8, 2003

*(signature)*
Kathleen M. Kubicki