# AMERICAN ARBITRATION ASSOCIATION
## Arbitration Tribunal

In the Matter of the Arbitration between

Re: 51 194 01589 06
    Kenton D. Terrell
    and
    Kathleen M. Kubicki, Esquire
    - Chicago, Illinois

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated October 15, 2003, and having been duly sworn, and having duly heard the proofs and allegations of the Claimant, and the Respondent having failed to appear after due notice by mail in accordance with the Rules of the American Arbitration Association, hereby, AWARD, as follows:

    The hearing was held on March 13, 2007 in Chicago, Illinois. Kathleen Kubicki ("Respondent") did not appear at the hearing. Respondent was given leave to file a post hearing submission by April 6, 2007 but failed to do so. The hearing was therefore closed April 10, 2007. Based on the evidence presented at the hearing, and the post-hearing submissions of Kenton Terrell ("Claimant"), the Arbitrator finds as follows:

    Respondent breached the fee agreement of October 15, 2003 with Claimant in several respects: (1) she failed to file a post-hearing brief in the EEO proceeding; (2) she failed to send periodic statements to Claimant as required by Section 5; (3) she reported Claimant's failure to pay her fees to a collection agency in violation of Section 11; and (4) she failed to participate in and pay her share of the costs of this arbitration despite the arbitration provision in her fee agreement (Section 11). Claimant is awarded the following sums and/or relief as damages for Respondent's breaches:

    1. I find and declare that no sums are due from the Claimant to Respondent under Respondent's statements of May 11, May 29, May 30, May 31, June 1 and January 2, 2006, in the total amount of $35,286.89 by reason of her abandonment of Claimant's EEO Claims by her failure to file a post-hearing brief,[1] which failure also constitutes a material breach of the Agreement;

    2. The sum of Nine Hundred Eighty Five Dollars and Ten Cents ($985.10) for the payment of costs and fees incurred by Claimants as a direct and proximate result of Respondent's referral of claimed fees to a collection agency;

    3. The sum of One Thousand Dollars and No Cents ($1,000) paid by Claimant as attorneys' fees for extra time spent in dealing with Respondent in connection with this arbitration; and

---

[1] See Rippey v. Wilson, 280 Mich. 233 (1937).

The administrative filing and case service fees of the American Arbitration Association, totaling $1,250.00, and the fees and expenses of the arbitrator totaling $750.00, shall be borne as follows: entirely by Kathleen M. Kubicki, Esquire.

Therefore, Kathleen M. Kubicki, Esquire shall reimburse Kenton D. Terrell the sum of $2,000.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Kenton D. Terrell.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

_April 11, 2007_
Date

_Champ W. Davis_
Champ W. Davis