UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENTON D. TERRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-001 (RWR) |
| ) | |
| ALBERTO GONZALES, Attorney General ) | |
| Of the United States, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## JOINT AND VOLUNTARY STIPULATION OF SETTLEMENT AND DISMISSAL

The parties to this action, Kenton D. Terrell ("Plaintiff"), and Alberto Gonzales, Attorney General of the United States ("Defendant"), hereby enter into the following Joint and Voluntary Stipulation of Settlement and Dismissal ("Stipulation") in order to resolve the matters in dispute in the above-styled action without further expense or delay, and accordingly do unconditionally agree to the following terms:

1.  Plaintiff and Defendant enter into this Stipulation in order to make full and final settlement of any and all matters that Plaintiff raised or could have raised in this action. Plaintiff agrees to accept the terms set forth herein in full satisfaction of any and all claims, demands, rights and causes of action of any nature based upon and related to this cause of action and his employment with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), which is currently a component of the Department of Justice and was formerly part of the Department of Treasury, including but not limited to all claims asserted or that could have been asserted in the above-styled action.

2.     Defendant shall, subject to the conditions and limitations set forth herein, promptly pay the amount of Forty Thousand Dollars ($40,000.00) to Plaintiff. This payment may be made either may by a check drawn on the Treasury of the United States and made payable to the Law Offices of Michael W. Beasley, or by an electronic transfer of funds to a bank account specified by Plaintiff's counsel. Plaintiff's counsel agrees to distribute the settlement proceeds to Plaintiff. The parties further agree that the settlement payment of $40,000.00 includes $22,000 in reasonable attorney's fees and costs incurred. Plaintiff and Plaintiff's counsel also agree to cooperate with Defendant's counsel in providing reasonable information needed for requesting payment and transmission of funds.

3.     This Stipulation shall represent the full and complete satisfaction of all Plaintiff's claims arising from the allegations set forth in the complaint filed in this action, including (but not limited to) all claims of discrimination, hostile work environment, and retaliation, and all claims for damages or equitable relief. This Stipulation also includes, without limitation, full and complete satisfaction of all of Plaintiff's claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay that have been, or could be, made in this case. By this Stipulation, Plaintiff also waives, releases and abandons any and all claims, whether asserted or unasserted, against the Defendant, the ATF, or its agents or employees, that arose at any time during his employment by the ATF. Such waived, released, and abandoned claims include, but are not limited to, the above-styled litigation and any other complaint or grievance filed or pending in any other forum whatsoever, as well as any and all other claims arising out of the events and/or subject matter involved in said litigation or claims. This Stipulation shall include all Plaintiff's claims for attorney's fees and costs incurred in

connection with the administrative Equal Employment Opportunity process, the District Court litigation process and any other proceedings involving the claims raised in this action.

4.     Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives concerning any matter encompassed by the waiver and release of claims set forth herein.

5.     Plaintiff acknowledges that he has read this entire Stipulation and that he understands all of its terms and conditions. Plaintiff acknowledges that his attorney has reviewed and explained the provisions of this Stipulation to him, and that Defendant has provided reasonable and sufficient time for this purpose.

6.     Execution of this Stipulation shall not constitute a finding by the Court or an admission by the Defendant that it discriminated or retaliated against the Plaintiff as alleged in the complaint, or that there was any wrongful conduct whatsoever.

7.     Execution of this Stipulation by Plaintiff's counsel and counsel for the Defendant shall constitute a dismissal of this action with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, except that the Court shall retain jurisdiction to resolve any claims of noncompliance with the terms of this Stipulation.

8.     This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

9.     The parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein;

and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing as of the 7th day of ~~July,~~ August 2007.

Respectfully submitted,

_____
MICHAEL W. BEASLEY, Bar #248930
Law Offices of Michael W. Beasley
200 Park Avenue - Suite 106
Falls Church, VA 22046
(7032) 533-5875

Attorney for Plaintiff

_____
KENTON TERRELL
Plaintiff

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 Fourth Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

Attorneys for Defendant

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Date: 8/24/07